Case 0:08-cv-62038-JJO   Document 1   Entered on FLSD Docket 12/19/2008   Page 1 of 11

FILED by _____ D.C.
ELECTRONIC

Dec. 19, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

LINDA ROSS,   CASE NO.: **08-CV-62038-Seitz-O'Sullivan**

    Plaintiff,

vs.

AFT MANAGEMENT CORP., a Florida
corporation, d/b/a Ocean Manor Resort,

    Defendant.

_____/ **INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

Plaintiff, LINDA ROSS, by and through the undersigned counsel, hereby sues the Defendant, AFT MANAGEMENT CORP., a Florida corporation, d/b/a Ocean Manor Resort, for injunctive relief, attorney's fees and litigation expenses pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG"), and alleges as follows:

### JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendant's violations of Title III of the ADA (<u>see</u> <u>also</u>, 28 U.S.C. §§2201 and 2202).

2. Venue is proper in this Court, Fort Lauderdale Division pursuant to 28 U.S.C. § 1391 (B) and the Local Rules of the United States District Court for the Southern District of Florida.

1

## PARTIES

3. Plaintiff, LINDA ROSS (sometimes referred to as "MS ROSS"), is a resident of the State of Florida and this judicial district. Plaintiff suffers from Multiple Sclerosis and is a person with a disability as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes. Prior to instituting the instant action, MS ROSS visited the Defendant's property, **the Ocean Manor Resort,** located at and around **4040 Galt Ocean Drive, Fort Lauderdale, Florida** (hereinafter referred to as the "HOTEL" or "facility"), and was denied full, safe and equal access to the subject property of Defendant which is the subject of this lawsuit due to the barriers to access which exist and its lack of compliance with the ADA. MS ROSS continues to desire and intends to visit the HOTEL but continues to be denied full and safe access due to the barriers to access that continue to exist. Plaintiff's access to the public areas of the HOTEL and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was denied and/or limited because of her disabilities, and continues to be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the HOTEL, including those set forth in this Complaint.

4. Completely independent of her personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a

2

routine practice. She personally visits the public accommodation; she engages all of the barriers to access, or at least all of those that she is able to access; and she tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; she proceeds with legal action to enjoin such discrimination; and she subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of her other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

5. In this instance, Plaintiff, in her individual capacity and as a "tester," visited the HOTEL, encountered barriers to access at the public areas of the HOTEL, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations set forth herein. Plaintiff further continues to desire to and intends to return to the HOTEL but continues to suffer legal harm and legal injury due to her continued and ongoing denial of access due to her disability and the barriers to access that exist.

6. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the HOTEL and the actions or inactions described herein.

7. Defendant, AFT MANAGEMENT CORP., a Florida corporation, d/b/a Ocean Manor Resort, (hereinafter referred to as "AFT MANAGEMENT" or "Defendant") transacts business in the State of Florida and within this judicial district.

3

Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which is the subject of this action, commonly referred to as the Ocean Manor Resort, located at or about 4040 Galt Ocean Dr., Fort Lauderdale, Florida.

## FACTUAL ALLEGATIONS AND CLAIM

8. On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter, the "ADA"), 42 U.S.C. §12101, *et seq.*

9. Congress found, among other things, that:

   (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   (iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

   (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

4

10. Congress explicitly stated that the purpose of the ADA was to:

    (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

11. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

12. The public areas of the HOTEL are public accommodations that offer goods and/or services to the public, in that they include public parking, public toilet rooms and other common area elements open to the public.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §12181, *et seq.*, and 28 C.F.R. § 36.508(a).

5

14. The public areas of the HOTEL must be, but are not, in compliance with the ADA and ADAAG.

15. Plaintiff has attempted to and has, to the extent possible, accessed the public areas of the HOTEL, but could not fully, safely or equally do so because of her disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the HOTEL that restrict and/or limit her access to the HOTEL and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers to access, conditions and ADA violations more specifically set forth in this Complaint.

16. Plaintiff continues to desire and intends to visit the HOTEL again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this HOTEL, but continues to be and will be unable to do so because of her disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the HOTEL that restrict and/or limit her access to the HOTEL and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17. Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the HOTEL, as prohibited by 42 U.S.C. § 12182, *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that

exist at the HOTEL, including those specifically set forth herein, and make the HOTEL accessible to and usable by persons with disabilities, including Plaintiff.

18. Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of her disability) to access the HOTEL and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the HOTEL, include:

  i. There are no accessible parking spaces provided at the facility;
  ii. The accessible entrance to the hotel is not properly signed or designated;
  iii. There is an improper slope at the accessible entrance to the hotel;
  iv. There is no level landing provided at the entry door;
  v. The doors are too heavy;
  vi. The guest rooms are wholly inaccessible;
  vii. The bar at the pool is too high with no lowered section;
  viii. There are no accessible seating positions provided at the pool bar;
  ix. The tables at the bar area are too high and lack proper knee clearance;
  x. There is no vertical access provided to the pool area or to the beach;
  xi. There are ramps at the pool area that are too steep and lack proper handrails;
  xii. The gift shop is too narrow with no accessible route;
  xiii. The accessible routes throughout the hotel are not properly designated;
  xiv. The café in the lobby has a counter that is too high with no lowered section;
  xv. There are no accessible seating positions at the café in the lobby;
  xvi. The check-in counter is too high with no lowered section;

**The toilet rooms at the beach:**
  xvii. There is a lack of sufficient maneuvering clearance at the doors;
  xviii. There are no proper grab bars provided;
  xix. There is insufficient floor clearance to make a transfer;
  xx. The toilet tissue dispenser is out of reach range;
  xxi. There is insufficient knee clearance under the lavatory;
  xxii. The pipes under the lavatory lack proper insulation;
  xxiii. The paper towel dispenser is too high;
  xxiv. The mirror is too high;
  xxv. The hardware on the doors require pinching and/or grasping to operate;

**The toilet rooms at the Lobby:**
  xxvi. The door lacks proper signage;
  xxvii. There is a lack of sufficient maneuvering clearance at the door;
  xxviii. There is insufficient knee clearance under the lavatory;
  xxix. There are no proper grab bars provided;

7

    xxx.    There are no accessible stalls provided;
    xxxi.    The coat hook is too high;
    xxxii.    The paper towel dispenser is too high;
    xxxiii.    The drinking fountain leading to the toilet room blocks the path of travel and lacks proper knee clearance;

    xxxiv.    There are other elements and facilities at the Gulf Ocean Condominium area that are wholly inaccessible.

19. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the public areas of the HOTEL as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said barriers to access and discriminatory acts violating the ADA be identified.

20. Plaintiff has attempted to gain access to the HOTEL, but because of her disability has been denied access to, and has been denied the benefits of services, programs and activities of the HOTEL, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

21. The removal of the physical barriers to access, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. § 36.304.

22. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the HOTEL, including those set forth herein.

23. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117.

24. Pursuant to 42 U.S.C. §12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject HOTEL to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject HOTEL until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court declare that the HOTEL is in violation of the ADA, issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject HOTEL to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject HOTEL until the barriers are removed and requisite alterations are completed, and awarding Plaintiff her reasonable attorneys' fees, expert fees, costs and litigation expenses incurred in this action.

Dated: December 15, 2008        Respectfully submitted,


By:     /s/ Stephan M. Nitz
        Stephan M. Nitz, Esq.
        Florida Bar No. 45561
        snitz@szalaw.com
        Schwartz Zweben, L.L.P.
        Attorneys for Plaintiff
        3876 Sheridan Street
        Hollywood, Florida 33021
        Telephone:    (954) 966-2483
        Facsimile:    (954) 966-2566

10

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  NOTICE: Attorneys MUST indicate All Re-filed Cases Below

## I. (a) PLAINTIFFS
Linda Ross

## DEFENDANTS
AFT Management Corp., a Florida corporation, d/b/a Ocean Manor Resort,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: **Broward**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Schwartz, Zweben, LLLP, 3876 Sheridan Street, Hollywood FL 33021
(954) 966-2483

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ✗ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:08CV62038-Seitz
O'Sullivan

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | B ☐ 450 commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL INJURY** ☐ 362 Personal Injury - Med Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (505(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 345 Marine Product | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | **CIVIL RIGHTS** | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 441 Voting | **PRISONER PETITIONS** | | * ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | * A or B |
| ☐ 290 All Other Real Property | ☐ 443 Housing/Accommodations | **Habeas Corpus** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | |
| | ☐ 444 Welfare | | | |
| | ☐ 445 Amer. W/Disabilities-Employment | | | |
| | ✗ 446 Amer. W/Disabilities-Other | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN
AN x IN ONE BOX ONLY

✓ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed (See VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/ RE-FILED CASE(S). IF ANY
(See Instructions)
a) Re-filed Case Yes ☐ No ☐    b) Re-filed Case Yes ☐ No ☐
JUDGE _____ DOCKET NUMBER _____

## VII CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
**42 U.S.C. § 12181 et seq**
Brief description of cause: Americans with Disabilities Act
Length of Trial via 3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P.23
DEMAND $
Check YES if demanded in complaint
JURY DEMAND: NO

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
FOR OFFICE USE ONLY:

SIGNATURE OF ATTORNEY OF RECORD /s/ Stephan Nitz    DATE Dec. 16, 2008

Receipt No. 545007    Amount: 350  APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___